————o————

No. 4793.

Court of Appeal, Parish of Orleans.

HENRY L. NICK VS. ROBERT BENSBERG.

The plaintiff in a possessory action must show that he has been in

the real and actual possession at the instant when the disturbance occurred, and that he has had that possession for more than one year, that he has suffered a real disturbance either in fact or law, and that he has brought his suit at least within the year.

Appeal from 28th Judicial District Court, Parish of Jefferson.

F. A. Middleton, Peter Stifft, for Plaintiff and Appellant.

A. E. Billings, for Defendant and Appellee.

ESTOPINAL, J. This case was originally appealed to the Supreme Court, which declined to take jurisdiction, and accordingly ordered its transfer to this court.

In its reasons for making the transfer of the case to this courrt, the court expressed the opinion that more than $100.00 appeared to be involved, but the plaintiff might make clear by affidavit the value of the possession of the property involved.

We find this affidavit has been supplied by counsel for plaintiff, who swears that the value of such possession is more than one thousand ($1,000.00) dollars. Conformably to the opinion of the Supreme Court, and considering the affidavit made herein, we will assume jurisdiction.

We are confronted with an appeal from a judgment and decree of the district court, with reasons assigned as follows:

"This is a possessory action, brought by plaintiff against defendant for a small strip of land between the Metairie Road and Metairie Bayou, and for damage resulting from the disturbance alleged to have been caused plaintiff by defendant for wrongfully taking possession of said property."

"This suit was filed on May 27th, 1907, and the disturbance is alleged to have occurred on or about July 20th, 1906, by defendant having destroyed and torn down the fence that surrounded said strip of land, and by having taken possession of it, and continued to hold possession of it, and it is further alleged that plaintiff had the real and actual possession of it at the time said disturbance occurred.

"In order to entitle plaintiff to take this action he had to prove: First—That he had real and actual possession of the property at the instant when the disturbance occurred; a mere civil possession being insufficient.

"Second—That he should have had such possession quietly

—409—

and without interruption for more than a year previous to his being disturbed.

"Third—That he should have suffered a real disturbance either in law or in fact.

"Fourth—That he should have brought this suit, at the latest, within the year in which the disturbance took place. (C. P. Art. 49.)

"The evidence shows that plaintiff became the owner of certain property, which is separated in front from the strip in question by the Metairie Bayou, by acts passed on May 30, 1905, and November 13, 1905.

"There is no evidence to show that plaintiff ever had the 'real and actual' possession of the strip in question.

"He attempted to show that a Japanese, one Kashiwa, to whom he leased the property he had purchased, in January, 1906, for one year, had possession of this strip during a portion of that time. But the only time that Kashiwa is shown by the evidence to have ever been on said strip was when he undertook to repair the fence around it, when he was at once notified by defendant, by letter, to keep off the strip, as it was his property and in his possession. This letter Kashiwa testified, he gave to plaintiff, who read it, and at once tore it up. Kashiwa is not positive when the letter was written, but thinks it was in June or July, 1906. Plaintiff testified that Kashiwa never presented him with that or any other letter from defendant, nor did he ever tear any such letter up.

"Defendant testified positively that this letter was written in March, 1906. Kashiwa was plaintiff's witness, by whom plaintiff endeavored to prove his possession, and that the alleged disturbance took place within a year before this suit was brought, and he is the only witness. His testimony is discredited not only by the positive testimony of the defendant and his witnesses, but by that of plaintiff himself, in regard to the letter, and which was material evidence as to the time when the alleged disturbance took place.

"Defendant has shown beyond question, and by several witnesses, that he commenced building his house, on the opposite side of the Metairie Road from this strip of ground, on February 20th, 1905, and in order to get water with which to make the mortar to be used in that building, had the fence between the Metairie Road and this strip of ground cut, had a walk made

—410—

across the strip to the bayou, afterwards had the fence repaired, and had his mare, and colt and cattle pastured on that strip, and had continuous and uninterrupted actual and real possession of it from the time he first took possession on February 20th, 1905, up to the time this case was tried.

"The two Marjories, witnesses for plaintiff, testified to his cutting the fence and taking possession of that strip for the purpose of getting the water to make mortar for his house, and this was long before plaintiff claims to have purchased or to have been in even civil possession of this strip of ground.

"Mrs. Taylor testified that she was employed by defendant to, and that she did, put his stock upon the strip to pasture in the summer of 1905, and in this she. is corroborated by Mr. F. E. Fagot, with whom I am personally acquainted, and in whose word I have great confidence, who testified that he assisted her one day during that summer in driving defendant's cattle on to that strip from the public road.

"Defendant further showed that Mr. R. E. Taylor, from whom he purchased the property upon which he built his house, has been in the real, actual and peacable possession as owner of that strip of ground for months before that purchase was made.

"After due consideration of all the testimony, I am of the opinion that plaintiff has failed to show that he has ever been in such possession of the property in question as entitles him to the possessory action, and, on the other hand, that defendant has shown that he took real and actual possession of the property in February, 1905, largely more than a year before the institution of this suit, and that such possession has been continuous ever since, and that he is entitled to judgment."

Questions of fact are largely involved in this case, and the conclusion of the district judge will not be disturbed unless manifestly erroneous.

The judge a qua, touching the duration of time that defendant had possession, finds the testimony of certain witnesses, to the effect that the defendant had possession and pastured his stock on the strip of land as far back as the summer of 1905, is corroborated by Mr. F. E. Fagot, of whom the judge says: "With whom I am personally acquainted, and in whose word I have great confidence, etc." The district judge knew the witness personally, and his conclusions on the fact must prevail.

—411—

There is no evidence that plaintiff ever had real or actual possession of the tract in question. His authors in title, the Majorie heirs, may have had possession, but even then it is not shown that the possession of the Majories was within one year of occupancy by the defendant.

The possession, if any, by the Majories would not benefit the plaintiff.

In Railway Company vs. LeRosen, 52 A. 204, the court said:

"A claimant of land by adverse possession cannot tack to the time of his possession that of a previous holder, where the land is not included in the boundaries in the deed from said holder."

(Followed by this court in the case of James McAvoy vs. Henry Porbes et al C. of A. Rep. Vol. 1, p. 56.)

Plaintiff claims that his lessee Kashiwa entered into possession under his lease. In the first place the testimony does not show that Kashiwa ever used the strip or entered into possession thereof, and in the next place the lease of Kashiwa, found in the record, shows it to be a lease of the same property purchased by Henry I. Nick, from the heirs of Majorie.

The act of sale, Majorie to Nick, also in the record, shows said tract of land is situated on the north side of Bayou de la Meterie, and is bounded on the north by Bayou de la Meterie.

The lease does not include the strip of land in question, nor does it appear that Kashiwa, as before stated, ever had possession of said strip of land.

We think the opinion of the lower court is not error, and it is accordingly affirmed.